UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-24583-CIV-COOKE/TORRES

LARRY GILMORE, individually and on behalf of
a class of similarly situated individuals,

    Plaintiff,

v.

MIAMI BEACH HEALTHCARE GROUP, LTD.
d/b/a AVENTURA HOSPITAL AND MEDICAL
CENTER, a Florida Limited Partnership, and
HCA-EMCARE HOLDINGS, LLC d/b/a
VALESCO VENTURES, a Delaware Corporation,

    Defendants.
_____/

## AMENDED[1] JOINT SCHEDULING REPORT

Plaintiff Larry Gilmore ("Plaintiff") and Defendants Miami Beach Healthcare Group, Ltd. d/b/a Aventura Hospital and Medical Center ("Aventura" or the "Hospital") and HCA-Emcare Holdings, LLC d/b/a Valesco Ventures ("Valesco"), hereby submit their Joint Scheduling Report pursuant to S.D. Fla. L.R. 16.1(b) and the Court's Order dated December 23, 2014 (ECF 5). The parties met telephonically on March 25, 2015, and report as follows:

### Local Rule 16.1 Conference Report Issues

**(A)    Likelihood of Settlement**

The parties have not engaged in any settlement discussions. It is premature to predict whether settlement is likely.

**(B)    Likelihood of Appearance in Action of Additional Parties**

---

[1] Amended to correct style.

Plaintiff anticipates filing an amended complaint by April 20, 2015, which will, *inter alia*, add Kellie Lynn Case as a party-plaintiff to this matter. At this time, the parties believe that the appearance of additional parties is unlikely.

**(C)     Proposed Time Limits and Discovery Schedule**

The proposed time limits and discovery schedule are set forth in Attachment A.

**(D)     Proposals for the formulation and simplification of issues, etc.**

The parties will work in good faith to eliminate the presence of any frivolous issues and, if necessary, will work to reach agreement on the number and timing of motions for summary judgment or partial summary judgment.

**(E)     Necessity or Desirability of Amendments to the Pleadings**

*See supra* paragraph B and the time limits in Attachment A.

**(F)     Possibility of Obtaining Admissions, Agreements Regarding Electronic Discovery, Etc.**

Counsel will cooperate in good faith to obtain admissions and stipulations which will serve to limit the issues in the dispute and avoid unnecessary proof.

The parties have agreed to an ongoing meet and confer concerning the production of Electronically Stored Information (ESI), with the objective of agreeing to the custodians whose ESI will be searched and the search terms to be employed to identify responsive relevant ESI.

With respect to custodians, Defendants will implement a litigation hold to preserve relevant ESI from several custodians. Defendants agree to identify the names of such custodians with relevant ESI.  Likewise, Plaintiff agreed that, through counsel, will advise Defendants of the actions he took to preserve ESI, including, identifying what computers and email accounts he used to preserve ESI. In addition, Plaintiff agreed to provide Defendants with a list of proposed

Defense additional custodians, if any. The parties will then discuss what, if any, additional preservation efforts are reasonably required by either of them.

Defendants and Plaintiff have also agreed that Plaintiff will provide Defendant with a list of proposed search terms. Defendant has agreed to identify terms and jargon that are reasonably equivalent to those proposed by Plaintiff and the parties will then attempt to agree to a common set of mutually agreeable search terms.  Defendants also agreed to answer general questions Plaintiff has regarding Defendants' IT system architecture. The parties have agreed to further discuss a methodology for production of ESI, in order to reach an agreement on the form, timing, and manner of ESI production. The parties intend, through this continued ESI meet and confer and production methodology, that quality ESI production will result, which will serve the parties' respective litigation interests and mitigate the likelihood that discovery issues arise which require court intervention.

**(G)    Avoidance of Unnecessary Proof and of Cumulative Evidence**

Counsel will cooperate in good faith to eliminate unnecessary proof and cumulative evidence.

**(H)    Advisability of Referring Matters to a Magistrate Judge**

The parties consent to refer discovery issues in this case to Magistrate Judge Torres.

**(I)    Preliminary Estimate of Time Required for Trial**

The parties estimate that the trial in this matter will take 7-10 days.

**(J)    Requested Trial and Pretrial Dates**

The requested dates are set forth in Attachment A.

**(K)    Other Information Helpful to Court in Setting the Case for Status**

The parties do not believe that any other information would be helpful to the Court at this time.

Dated:  April 15, 2015.

Respectfully submitted,

/s/ Steven R. Jaffe
Steven R. Jaffe
steve@pathtojustice.com
Mark S. Fistos
mark@pathtojustice.com
Seth M. Lehrman
seth@pathtojustice.com
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 N. Andrews Avenue, Suite 2
Fort Lauderdale, FL  33301
Tel: (954) 524-2820
Fax: (954) 524-2822
*Attorneys for Plaintiff*

/s/ Scott D. Owens
Scott D. Owens
scott@scottdowens.com
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive, Suite 235
Hollywood, FL  33019
Tel: (954) 589-0588
Fax: (954) 337-0666
*Attorneys for Plaintiff*

/s/ Brett L. Lusskin
Brett L. Lusskin
blusskin@lusskinlaw.com
BRET LUSSKIN, P.A.
20803 Biscayne Boulevard, Suite 302
Aventura, FL  33180
Tel: (954) 454-5841
Fax: (954) 454-4844
*Attorneys for Plaintiff*

/s/ Walter J. Taché
Walter J. Taché
Florida Bar No. 28850
wtache@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
100 SE Second Street, Suite 4200
Miami, FL  33131
Tel: (305) 530-0050
Fax: (305) 530-0055
*Attorneys for Defendant Miami Beach Healthcare Group, Ltd d/b/a Aventura Hospital and Medical Center*

/s/ Dan Gelber
Dan Gelber
Dan@gsgpa.com
Freddy Funes
FFunes@gsgpa.com
GELBER SCHACHTER & GREENBERG
1221 Brickell Avenue, Suite 2010
Miami, FL  33131
Tel: (305) 728-0954
Fax: (305) 728-0951
*Attorneys for Defendant HCA-Emcare Holdings, LLC d/b/a/ Valesco Ventures*