UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-24583-CIV-MARTINEZ-GOODMAN

KELLIE LYNN CASE, individually and on behalf of a
class of similarly situated individuals,

        Plaintiff,

v.

MIAMI BEACH HEALTHCARE GROUP, LTD. d/b/a
AVENTURA HOSPITAL AND MEDICAL CENTER, a
Florida Limited Partnership, and HCA-EMCARE
HOLDINGS, LLC d/b/a/ VALESCO VENTURES, a
Delaware Corporation,

        Defendants.
_____/

**AGREED HIPAA-COMPLIANT
QUALIFIED PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

THIS CAUSE having come before the Court on the agreement of all parties to this Agreed HIPAA-Compliant Qualified Protective Order Regarding Confidentiality, and the Court being fully advised in the premises, and in the interest of ensuring that Plaintiff's confidential information submitted pursuant to discovery in this action is not improperly disclosed, enters the following protective order regarding confidentiality (the "Order"):

    1.    As used herein, the following words shall mean:

        a.    The "Action" means the civil action captioned above and pending in this Court;

b. "Party" or "Parties" means Plaintiff Kellie Lynn Case, individually, and Defendants Miami Beach Healthcare Group, Ltd. d/b/a Aventura Hospital and Medical Center and HCA-EmCare Holdings, LLC d/b/a Valesco Ventures, and each party's respective successors, assigns, heirs, devisees, and insurers (and their respective counsel);

c. "Non-party" means any natural person, partnership, corporation, association, or other legal entity not a party in the action captioned above and pending in this Court, and their respective successors, assigns, heirs and devisees;

d. "Protected Person" means any Party or Non-party that furnishes or has furnished any information or material to any party in connection with this action;

e. "Court" means the United States District Court for the Southern District of Florida;

f. "Disclosed" means shown, divulged, revealed, produced, described or transmitted, in whole or in part;

g. "Discovery" means any and all discovery in this Action;

h. "Confidential Health Information," means, without regard to whether the material has been designated "Confidential Health Information," any document or information supplied that identifies Plaintiff in any manner and relates to the past, present, or future provision of health care or payment for the provision of health care to such individual. The term "Confidential Health Information" specifically includes "protected health information" as that term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (see 45 C.F.R. § 164.501 ("protected health information") and § 160.103 ("individually identifiable health information") and such information protected by

privacy statutes, rules, regulations and common law principles promulgated under Florida law. "Confidential Health Information" includes all billing records, notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information.

      i.    "Material" means documents or any other form of information submitted by any Protected Person; and

      j.    "Final Resolution" means the conclusion of this Action, including all appellate proceedings, whether by judgment, settlement or otherwise.

    2.    All production or exchange to any person of material designated as "Confidential Health Information," pursuant to this Order shall be maintained in confidence, shall only be disclosed to the Parties, the Parties' attorneys, retained experts as described below, and to business personnel with a need to review the documents in order to assist with the Action, and shall be used solely for the purpose of this Action (including preparation, hearings, trials, appeals and retrials), and shall not be used or disclosed outside of the Action or for any other purpose, including business, governmental, commercial, or in any other proceeding (whether judicial, administrative or other).

    3.    Any Protected Person, in complying with Discovery served upon them pursuant to the Federal Rules of Civil Procedure or with informal discovery requests, may designate any material submitted in response to such Discovery as "Confidential Health Information." Such designation shall constitute a representation to the Court that the Protected Person or his counsel believes in good faith that the information so designated constitutes Confidential Health Information, as defined in Paragraph 1 of this Order.

4. A Protected Person designating a document as Confidential Health Information shall affix to each page of the document containing such material the legend "Confidential" and/or "Confidential Health Information," unless a securely bound multi-page document is designated as confidential or the document is only one page, in which case the first and/or only page of the document need contain said legend. The legend shall not interfere with the legibility of any such document.

5. A Protected Person designating material as Confidential Health Information that is in a form other than a document shall specify in writing the information that is confidential at the time such information is supplied.

6. A Protected Person, as well as the deponent, may, on the record of a deposition, designate portions of a deposition or exhibits used therein as Confidential Health Information pursuant to the criteria set forth in this Order. Additionally, within 14 days of the receipt of a deposition transcript, a Protected Person or the deponent may designate, by page and line, portions of the transcript or exhibits thereto as Confidential Health Information, and until such time, all Parties shall treat the transcript and exhibits in their entirety as Confidential Health Information. If, by the end of the 14-day period, a Protected Person or the deponent has designated any transcript portion or exhibits as Confidential Health Information, then thereafter such transcript portions or exhibits shall be disclosed only in accordance with this Order. If none of the materials is designated as Confidential Health Information at the conclusion of the 14-day period, none of the transcript or exhibits shall be treated as Confidential Health Information.

7. Each person retained by a party to provide expert opinions to whom Confidential Health Information material is disclosed shall agree to be bound by this Order prior to disclosure of such material.

8. The Parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which Confidential Health Information may be introduced into evidence or otherwise used at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use and disclosure of such Confidential Health Information at trial or evidentiary hearing upon reasonable notice to all Parties and Non-parties who have produced such information.

9. In the event that the Parties seek to file any pleading, motion, exhibit, or other paper (collectively "papers") containing Confidential Health Information, the party shall file a motion to file documents under seal in accordance with the Southern District of Florida Local Rule 5.4.

10. The inadvertent production of material without the appropriate designation of confidentiality shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any Confidential Health Information. Upon receiving notice from a producing Protected Person that Confidential Health Information of Plaintiff has not been appropriately designated, all such material shall be re-designated and treated appropriately. The party receiving such undesignated Confidential Health Information shall make a reasonable good faith effort to ensure that any analyses, memoranda or notes that were generated based upon such material shall immediately be treated in conformity with any such re-designation.

11. Nothing in this Order shall prevent disclosure of Confidential Health Information with the consent of counsel for the designating Protected Person.

12. This Order shall be without prejudice to the right of any Party to bring before the Court the question of whether any particular material is or is not Confidential Health Information pursuant to this Order, provided that the Party has complied with the procedures set forth herein.

No Party concedes by entering into this stipulated Order that any material designated by any protected person as Confidential Health Information does in fact contain personal or health information. In the event that a Party believes that another Party or other Protected Person has designated material as Confidential Health Information that is not entitled to such protection, the Parties and any affected Protected Person shall discuss this contention and attempt to resolve the disagreement over the classification of the material. If the Parties and the affected Protected Person cannot resolve the matter, it will be submitted to the Court for resolution. In the case of material provided by Protected Person who is a Non-party, the Party that contests the confidentiality designation shall provide reasonable notice to the Non-party that the matter has been referred to the Court. In the event that a confidentiality designation by a Party is contested, the Party designating the material as Confidential Health Information shall have the burden of showing that the material is entitled to protection.

13. This Order shall be without prejudice to the right of any Party to object to the discovery or the admissibility of any particular material on any ground recognized by law.

14. The Parties to this action reserve all rights to apply to the Court for any order:

   a. modifying this Order;

   b. seeking further protection against discovery or other use of Confidential Health Information, documents, transcripts, or other material reflecting claimed confidential material.

15. Any Protected Person requiring further confidentiality protection for any specific documentation or information beyond that provided by this Order may put all Parties on notice of the need for additional protection prior to disclosure and petition the Court for a separate order

governing disclosure of that specific documentation or information purported to contain Confidential Health Information.

16. In connection with the Confidential Health Information, the Parties shall not use or disclose such information for any purpose other than this litigation.

17. Notwithstanding the foregoing Nothing in this Order shall be construed to preclude Defendants from utilizing Confidential Health Information in their possession for treatment, payment and healthcare operations as otherwise allowed for under 45 CFR § 164.506.

18. This Order shall be binding on the Parties and on all Non-parties and other persons who have been served with a copy of this Order. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for purposes of enforcement or modification by the Court of the terms of this Order, in perpetuity. The Court shall not be divested of the power to enforce the terms of this Order as to any person subject to the terms of this Order by the Final Resolution of this action, or by the filing of a notice of appeal or other pleading which would have the effect of diverting this Court of jurisdiction of this matter generally. The Court shall retain jurisdiction to enforce the terms of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this _11_ day of August, 2015.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record